UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

T. CO. METALS, LLC,                                        :

      Plaintiff,                                        :

      -against-                                          :

DEMPSEY PIPE & SUPPLY, INC.,                    :

      Defendant.                                       :
-----------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 0 5 2008

07 Civ. 7747 (PAC)
07 Civ. 7749 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

The Court has considered Dempsey Pipe & Supply, Inc.'s ("Dempsey") letter request of

July 16, 2008, the response of T. Co. Metals, LLC ("T. Co.") of July 21, 2008, and the further

motion filed by Dempsey on July 31, 2008 in violation of the Court's individual practices. After

considering these filings, the Court denies Dempsey's request to amend the judgment to include

interest on legal fees.

The Court first notes that the Arbitrator explicitly stated his intentions concerning the

award of interest. (See Final Award, In the Matter of Arbitration Between T. Co. Metals, LLC

and Dempsey Pipe & Supply, Inc., 20 April 2007 ¶ 159.) He allowed interest on damages

claims, but did not allow it for legal fees. (Id.) Second, despite Dempsey's claims that denial of

the current request might yield "anomalous" results and/or enforcement difficulties

(Memorandum in Support of Motion to Amend the Judgment at 3), interest on legal fees is

clearly a discretionary matter. Herrenknecht Corp. v. Best Road Boring, No. 06 Civ. 5106

(JFK), 2007 WL 1149122, at *3 (S.D.N.Y. April 16, 2007) ("The decision whether to grant

prejudgment interest in arbitration confirmations is left to the discretion of the district court."

(quotations and citation omitted)). In the exercise of its discretion, the Court denies the motion.

The parties have had the benefit of the Arbitrator's initial decision, his revised decision, and this Court's opinion on the Arbitrator's actions, notwithstanding the "very limited [federal] review" afforded to arbitral awards. <u>Clarendon Nat'l Ins. Co. v. TIG Reinsurance Co.</u>, 183 F.R.D. 112, 115 (S.D.N.Y. 1998). After three full rounds of briefing and argument, it is time to bring this matter to a close. To the extent that either party is dissatisfied with the Court's decision of July 8, 2008, the appropriate action is to appeal rather than further burden the Court with post-judgment motions to amend.

Dempsey's motion to amend the Court's decision of July 8, 2008, confirming the Arbitrator's Final Award of April 20, 2007, is DENIED. In accordance with the dictates of that order, the Clerk of Court is directed to enter judgment on 07-cv-07747.


Dated: New York, New York
       August 5, 2008


                              SO ORDERED


                              _____
                              PAUL A. CROTTY
                              United States District Judge


2